The opinion of the Court was delivered by
Inglis, J.
The first section of the Act of 1809 (7 Stat. 308) provides, that “in all actions, brought on any liquidated demand, wherein the defendant or defendants shall have suffered an order for judgment to be entered against him or them, it shall not be necessary for the plaintiff or plaintiffs to prove his or their demand, or execute a writ of inquiry, but the same shall, upon motion to the Court, be referred to the Clerk to ascertain the sum actually due, and judgment shall be entered up .accordingly for the sum so ascertained.” In Crowther vs. Sawyer & Steele, (2 Sp. 573,) it was determined tha/t a demand is liquidated, in the sense of this section, only when the sum actually due is “ascertained and fixed in writing.” And in Wilkie vs. Walton, (2 Sp. 477,) it was added that the writing, which thus ascertains the sum, must be “ a writing of the defendant actually or by operation of law.” A writing which does not itself express the exact sum which the plaintiff is entitled to recover, or does not, within itself, furnish the means of precisely ascertaining that sum, so as to render wholly unnecessary for this purpose a resort to extrinsic evidence, is not within the meaning of the Act. There must be nothing left for the Clerk to do, more than can be accomplished by calculation, and all the data for such calculation must be furnished by the writing itself. If, after all the sources of informátion, which it provides, shall have been exhausted, there is left any, even the least, uncertainty as to the “sum actually due,” the jurisdiction of the Clerk does not attach, and a writ of inquiry must be executed. (1 Tidd’s Pr. 570-572.)
The cause of action in the case now before the Court, sub- *17 jeeted to this test, cannot be held “a liquidated demand.” It is impossible to learn from it alone, by any calculation, what is the “ sum actually due” from the defendant to the plaintiff. Evidence aliunde is indispensable in order to ascertain this. According to its terms the defendant has promised to pay to the plaintiff an ascertained sum, reduced by the subtraction therefrom of a sum which is not there ascertained, and in its nature cannot be except by evidence outside of the writing. The “ sum actually due” is the difference between two hundred and twenty-five dollars and a “ store account” due by the plaintiff to the defendant. What the amount of this store account is, the writing supplies no means of^ascertaining. The “demand” ought not'to have been referred to the Clerk, and the judgment entered upon his assessment cannot stand. When the case shall have gone back to the inquiry docket, the defendant will have an opportunity of renewing his motion for leave to appear and plead, or, failing in that, he will, upon the execution of a writ of inquiry, be entitled to introduce evidence upon the quantum of damages. Covington vs. Rogers, 2 Bail. 407.
It is ordered that the final judgment entered up in this case be set aside, and the order of referenced the Clerk be vacated.
Dunkin, C. J., and Wardlaw, A. J., concurred.

Motion granted.